

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY LEOS DAVILA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0066-B |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Mary Leos Davila seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision should be reversed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including carpal tunnel syndrome, degenerative disc disease, depression, and an iron deficiency. After her application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on February 15, 2006. At the time of the hearing, plaintiff was 39 years old. She has a high school equivalency diploma and past work experience as a procurement clerk. Plaintiff has not engaged in substantial gainful activity since September 16, 2003.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that plaintiff suffered from carpal tunnel syndrome and degenerative disc disease of the lumbar spine, the judge concluded that the severity of those

impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a significant range of light work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a children's attendant, a pager/usher, and a hostess -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In a single ground for relief, plaintiff contends that the ALJ erred in finding that she does not suffer from a severe mental impairment.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful

activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the ALJ failed to apply the special psychiatric review technique set forth in 20 C.F.R. § 404.1520a in evaluating the severity of her depression and bipolar disorder. Under this regulation, the ALJ must first evaluate symptoms, signs, and laboratory findings to determine whether the claimant has a medically determinable mental impairment. *Id.* § 404.1520a(b)(1). If such an impairment exists, the ALJ must rate the degree of functional limitation resulting from the impairment in four categories deemed essential to work: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, and pace; and (4) episodes of decompensation. *Id.* § 404.1520a(c)(3). After rating the functional limitation resulting from the mental impairment, the ALJ determines whether the impairment is "severe" or "not severe" given the degree of functional loss found in the four enumerated categories. *Id.* at § 404.1520a(d)(1). Mental impairments rated as "none" or "mild" in the first three categories and "none" in the fourth

category are generally considered "not severe." *Id.* If the impairment is considered "severe," the ALJ must determine whether the impairment meets or is equivalent in severity to a listed mental disorder. *Id.* § 404.1520a(d)(2). If the claimant has a severe mental impairment that neither meets nor medically equals a listed impairment, the ALJ must assess the claimant's residual functional capacity. *Id.* § 404.1520a(d)(3). *See also Pelham v. Astrue*, No. 4-07-CV-641-Y, 2008 WL 4062079 at *4 (N.D. Tex. Aug. 25, 2008) (describing steps in psychiatric review technique).

The regulations also require the ALJ to document application of the psychiatric review technique in her written decision. Specifically:

> [T]he written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in [20 C.F.R. § 404.1520a(c)].

20 C.F.R. § 404.1520a(e)(2). Where a non-frivolous claim of mental impairment exists, the ALJ's failure to follow the psychiatric review technique and make the required findings constitutes legal error and requires remand. *Satterwhite v. Barnhart*, 44 Fed. Appx. 652, 2002 WL 1396957 at *2 (5th Cir. Jun. 6, 2002); *see also Selassie v. Barnhart*, 203 Fed. Appx. 174, 176, 2006 WL 2990105 at *1 (9th Cir. Oct. 20, 2006) (failure to follow the requirements of section 404.1520a requires reversal where the claimant has a "colorable claim of a mental impairment"); *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) (same). *But see Rabbers v. Comm'r of Social Security Admin.*, 582 F.3d 647, 657 (6th Cir. 2009) (rejecting *per se* rule requiring remand in any case where ALJ failed to follow section 404.1520a).

In this case, the record clearly establishes that plaintiff has a medically determinable mental impairment. Plaintiff was diagnosed with and treated for depression beginning in 2001 and bipolar disorder in 2005. (*See* Tr. at 161-62, 184, 190-91, 302, 325, 336, 339, 710-30). On three separate occasions, mental health professionals measured plaintiff's global assessment of functioning ("GAF") at 45 or below -- a score that indicates a serious impairment in social, occupational, or school functioning, including the inability to keep a job.[1] (*Id.* at 710, 731-32, 736). However, the ALJ never cited to, discussed, or documented application of the psychiatric review technique in the hearing decision. Nor did the ALJ rate the degree of functional limitation resulting from plaintiff's depression and bipolar disorder. Such failure to comply with the requirements of section 404.1520a constitutes reversible error and requires remand. *Satterwhite*, 2002 WL 1396957 at *2 (ALJ's failure to evaluate mental impairment according to procedures described in section 404.1520a requires remand); *Skidis v. Comm'r of Social Security Admin.*, No. 3-08-CV-2181-N, 2009 WL 3199232 at *10 n.4 (N.D. Tex. Oct. 2, 2009) (same); *Morris v. Barnhart*, No. SA-05-CA-1019-XR/NN, 2007 WL 496851 at *5 (W.D. Tex. Feb. 7, 2007) (same).

While the Commissioner concedes that the ALJ did not specifically address the psychiatric review technique set forth in section 404.1520a, (*see* Def. MSJ Br. at 10), he argues that such failure constitutes only harmless error because the resulting disability determination is supported by substantial evidence. The court disagrees. The record contains conflicting and inconclusive evidence as to whether plaintiff's mental impairment had no more than a minimal effect on her ability to do basic work functions and, therefore, was not severe. *See Stone v. Heckler*, 752 F.2d 1099, 1101

---

[1] GAF is a standardized measure of psychological, social, and occupational functioning used in assessing a patient's mental health. *See Boyd v. Apfel*, 239 F.3d 698, 700 n.2 (5th Cir. 2001). The GAF scale ranges from 100, denoting superior functioning, to 1, indicating that the patient is in persistent danger of severely hurting herself or others, has a persistent inability to maintain minimal personal hygiene, or has engaged in a serious suicidal act with a clear expectation of death. *Brown v. Barnhart*, 285 F.Supp.2d 919, 924 n.7 (S.D. Tex. 2003), *citing* American Psychiatric Association, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS at 32 (4th ed. 1994).

(5th Cir. 1985). On February 9, 2006, just one week before the administrative hearing, plaintiff's treating psychiatrist, Dr. Ikechukwu Ofomata, rated her as substantially or completely unable to: (1) understand and carry out instructions; (2) sustain concentration or persistence; (3) respond appropriately to supervision, co-workers, and normal work situations; and (4) adapt to changes in a routine work setting. (*See* Tr. at 731-32). Less than three weeks later, on February 28, 2006, Dr. George R. Mount, a clinical psychologist, measured plaintiff's GAF at 45. (*Id.* at 736). No state agency medical consultant or other medical source rendered an opinion that plaintiff's mental impairment was not severe. Nor did the ALJ ask the testifying medical expert, Dr. John Vohries, to render an opinion as to the severity of plaintiff's mental impairment. Instead, Dr. Vohries erroneously told the ALJ that plaintiff had only recently begun treatment for anxiety and depression, (*see id.* at 772), when the medical evidence showed that such treatment started in 2001. The ALJ made a similar factual error and discounted the opinions of plaintiff's medical sources based on a lack of "longitudinal treatment records." (*Id.* at 23, 24). In view of the lack of evidence showing that plaintiff's mental impairment was not severe, the court cannot conclude that the ALJ's failure to follow the requirements of section 404.1520a was harmless. *See Satterwhite*, 2002 WL 1396957 at *2.

## RECOMMENDATION

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[2]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE